UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                                     CRIM CASE NO. 22-20338
v.                                      HON. STEPHEN J. MURPHY, III

DONALD DEAN,

        Defendant.
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

Beginning in or around December 2011 and continuing through December 2018, Defendant Donald Dean stole nearly $134,000.00 in Social Security Administration (SSA) benefits intended for his deceased mother *and* his deceased girlfriend. Dean admitted to knowing that he was not entitled to the money and that it was government property. His crime was not elaborate, but it was recurrent, involving the conversion of approximately 125 separate monthly benefit payments.

Defendant Dean is now scheduled for sentencing at 10:30 a.m. on March 2, 2023. As discussed further below, the Government believes that a custodial sentence at or near the bottom of the guideline range is warranted in this case.

**I.     Introduction**

The United States adopts the timeline of relevant case events, the description of the charge to which Defendant Dean has pleaded guilty, and the statement of the offense conduct detailed by the Probation Department in the Revised Presentence Investigation Report (PSR) dated February 22, 2023.

**II.    Calculation of Advisory Sentencing Guidelines**

The Probation Department calculated Defendant Dean's sentencing guideline range to be 27-33 months, based on a total offense level of 12, a criminal history score of 11 points, and a criminal history category of V. (PSR ¶¶ 47, 89.) The Government objected to this calculation. Specifically, the Government submitted that the two-year prison sentence for the conviction in paragraph 39 of the PSR should be scored at 3 points instead of the 0 points scored by the Probation Department because it falls within 15 years of the date of the commencement of the instant offense, pursuant to U.S.S.G. § 4A1.1(a). The Probation Department responded that it did not assess criminal history points for the conviction because it was unable to corroborate the sentence through court or public records. (PSR, A-1). Upon further consideration, and for purposes of this case only, the Government withdraws its objection and no longer seeks the additional 3 criminal history points. Accordingly, the Government accepts the guidelines calculated by the Probation Department as correct.

### III.  The Relevant § 3553 Factors

The task of a court, at sentencing, is to impose a sentence upon a defendant that is, "'sufficient, but not greater than necessary to comply with the purposes,' of section 3553(a)(2)." *United States v. Wilms*, 495 F.3d 277, 281 (6th Cir. 2007) (*quoting United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

### (1)  Nature and Circumstances of the Offense and History and Characteristics of Defendant

The Court must consider, in fashioning a sentence, the nature and circumstances of the offense and the history and characteristics of a defendant. 18 U.S.C. § 3553(a)(1).

Defendant Dean comes before the Court at the age of 70, with a number of health problems of varying severity. Both his age and his health could be seen to weigh in favor of leniency. His military service could also be seen as a positive. However, other factors suggest that a prison sentence of some length is nevertheless appropriate, hence the recommendation for a sentence at or near the bottom of the guidelines.

First and foremost is the sheer scope of this fraud. Dean knew that he was not entitled to his deceased mother's or his deceased girlfriend's Social Security benefits, yet, month after month, year after year, for over 7 years, Dean stole those monies by writing checks from his mother's bank account (forging her signature in the process), and routinely using debit cards issued in his mother's and girlfriend's

3

names to withdraw the funds via ATM and make purchases at retailers. With every transaction, that is, every time that Dean wrote a check, withdrew cash, or made a purchase with those debit cards, he made a conscious and deliberate decision to steal money from the government. This was not a momentary lapse in judgment, but rather a series of intentional choices – hundreds and hundreds of choices.

Furthermore, while it is true that the defendant will have to make restitution, it is important to remember that restitution is mandatory in the case of <u>all</u> financial offenses. Federal benefits fraud is a real crime that should be met with more than merely a financial consequence, even where the financial consequence may be significant. A custodial sentence would drive home this point.

  **(2) Seriousness of the Offense, Respect for the Law, And Just Punishment**

The second factor requires the Court to impose a sentence which reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

The government believes that the defendant's crime – stealing almost $134,000 in federal funds – is a serious one that should be met with a serious consequence. This purpose of sentencing is often minimized in the context of financial crimes. Nonetheless, offenses such as this negatively affect the public's perception of social welfare programs; specifically, these crimes erode confidence

4

in the Social Security Administration and its ability to safeguard taxpayer contributions.

Moreover, it is important to understand that this is not a "victimless" crime. Theft from the government is theft from the taxpayers that fund the government. Taking money from the Social Security Administration is an affront against every hardworking individual who pays into the system in the hope that it will still be there to support them in their retirement or the event of a disability. As the Court is likely aware, the Social Security system is in jeopardy and conduct such as that of the defendant puts the system at even greater risk of insolvency. Now more than ever, program integrity is a topic of significant concern amongst lawmakers, highlighting the need for those who steal from the government to be held accountable.

Simply having to pay the money back would <u>not</u> be a "just punishment," but rather a concession that this defendant—for all practical purposes—is entitled to demand a long-term, interest-free loan from his fellow citizens.

### (3) Need to Afford Adequate Deterrence & Protect the Public

The sentence imposed must also, "afford adequate deterrence to criminal conduct and […] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

Dean comes before the Court with an extensive criminal history spanning over two decades, from 1986 to 2010, which consists of numerous convictions for a variety of offenses, for which he received both probationary and/or custodial sentences. Notably, Dean committed many of his crimes, including the one currently before the Court, while under court supervision for his previous convictions. It is quite clear that Dean's prior sentences did nothing to deter him from committing the instant offense…continuously…for over seven years. Specific deterrence is therefore an important consideration in fashioning an appropriate sentence in this matter.

The sentence imposed in this case should also serve to deter others who seek to profit by stealing benefits intended for deceased relatives. Each year thousands and thousands of Americans pass away while receiving monthly benefit payments, and many of those individuals' family members may be tempted to do exactly what the defendant did here: convert those payments to their own use for as long as they possibly can. Whatever sentence the Court imposes needs to be sufficient to dissuade the public from engaging in misconduct akin to that of the defendant and send a message to other would-be thieves that financial crimes have real consequences. The need for general deterrence strongly suggests that a custodial sentence of some length is both appropriate and necessary.

### (4) Effective Training and Treatment

Additionally, the sentence imposed must, "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

The Government believes that the Bureau of Prisons is fully capable of treating the defendant's health issues during any term of incarceration. The Government also agrees with the assessment of the Probation Department that the defendant may benefit from substance abuse treatment. Thus, the Government would encourage the Court to impose the special condition recommended in ¶ 111 of the PSR during any term of supervision.

### (5) Kinds of Sentences Available and Sentencing Range

The Court must also consider, "the kinds of sentences available …[and] the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing] guidelines." 18 U.S.C. §§ 3553(a)(3), 3553(a)(4)(A).

The defendant's offense is a Class C felony and calculation of the sentencing guidelines places him in Zone D of the sentencing table. Under the applicable guideline provision, the "minimum term" of the defendant's advisory guideline range "shall be satisfied by a sentence of imprisonment." U.S.S.G. § 5C1.1(f). As

stated previously, the Government believes that a custodial sentence at or near the bottom of the guideline range is appropriate in this case.

### (6) Restitution, Fines, and Forfeiture

Finally, a court must consider whether there is a need to impose restitution to any victim or victims of the defendant's offenses. 18 U.S.C. § 3553(a)(7).

The defendant's crime caused a financial loss to the government; thus, the United States seeks imposition of a mandatory restitution order under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, in the amount of $133,800.00 to the Social Security Administration. In addition to ordering restitution, the Government would ask the Court to adopt the special conditions suggested by the Probation Department in ¶ 114 of the PSR.

## IV. Conclusion

Having considered the factors set forth in 18 U.S.C. § 3553(a), the Government respectfully recommends a custodial sentence at or near the bottom of the guidelines range.

Ultimately, the Government asks the Court to impose whatever reasonable sentence it determines to be sufficient but not greater than necessary to comply with the purposes stated in 18 U.S.C. § 3553.

The United States further asks that the Court require Defendant Dean to pay the mandatory $100.00 special assessment to the Clerk of the Court and order him

to pay restitution in the full amount of $133,800.00 to the Social Security Administration.

                                            Respectfully Submitted,

                                            DAWN N. ISON
                                            United States Attorney

                                            *s/Corinne M. Lambert*
                                            CORINNE M. LAMBERT
                                            Special Assistant U.S. Attorney
                                            211 W. Fort Street, Suite 2001
                                            Detroit, Michigan 48226
                                            Corinne.Lambert@usdoj.gov
                                            (313) 226-9129

Date: February 23, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2023, I filed the foregoing electronically via the CM/ECF system, which will send notification of such filing to counsel of record:

David C. Tholen
613 Abbott Street, 5th Floor
Detroit, MI 48226
313-967-5542
david_tholen@fd.org

A copy was also provided to Probation Officer William D. Hampstead via email.

*s/Corinne M. Lambert*
CORINNE M. LAMBERT