UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

  v.                               CR. NO. 22-20338
                                   HON. STEPHEN J. MURPHY, III

DONALD DEAN,

           Defendant.
_____/

## SENTENCING MEMORANDUM

Defendant was charged by Information with Theft of Government Funds, in violation of 18 U.S.C. §641. On August 25, 2022, Defendant pled guilty pursuant to a Rule 11 Plea Agreement.

Under the Rule 11 Plea Agreement, the parties anticipated an Offense Level of 12 (Base – +6, Loss $133,800.00 +8, Acceptance -2) and Criminal History Category VI with a resulting sentence range of 30-37 months.

The Probation Department has prepared a Presentence Report in this case. In the report, the Probation Department has calculated the same Offense Level of 12, but a lower Criminal History Category of V, with a resulting sentence range of 27-33 months. Defendant and the Government accept these calculations.

In its Sentencing Memorandum, the Government has requested that the Court impose a custodial sentence at or near the bottom of the guideline range. Defendant

1

respectfully requests this Court to (1) accept the Rule 11 Plea Agreement, and (2) impose a below Guidelines sentence of 1 day imprisonment followed by supervised release with a condition of home detention, with or without an electronic tether, for 12-24 months based on the sentencing factors of his case.

## I.

### THE FACTORS OF DEFENDANT'S CASE WARRANT A SENTENCE OF 1 DAY IMPRISONMENT FOLLOWED BY SUPERVISED RELEASE WITH 12-24 MONTHS OF HOME DETENTION

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Koon v. United States, 116 S. Ct. 2035, 2053 (1996). Booker returns substantial discretion to the sentencing judge to depart above and below the Guidelines range so long as such sentences are reasonable. United States v. Hines 398 F.3d 713, 721 (6th Cir. 2005).

The Guidelines and sentencing statutes authorize the Court to impose placement in a community corrections facility and/ or placement on home detention as discretionary conditions of supervised release. See 18 U.S.C. 5D1.3( e), 18 U.S.C. 3583(d) and 3563(b). Under the supervised release statute, 18 U.S.C. 3583(d), the Court may order any condition set forth as a discretionary condition of probation under 18 U.S.C. 3563(b).

If the Court imposes home detention it may also require monitoring by the electronic tether. See 18 U.S.C. 3563(b)(19).

Post-Booker, the district court is empowered with greater discretion to consider the factors provided in 18 U.S.C. 3553(a) in determining a proper sentence.

That section provides, "the court shall impose a sentence sufficient, but not greater than necessary." In reaching this decision, it is crucial that judges give careful consideration to every minute that is added to a defendant's sentence, as explained by the District Court in *United States Faison*, 2020 wl 815699, at *1 (D. Md. Feb. 18, 2020) (Hazel,J.):

> During the sentencing hearing, the lawyers and the judges discuss the appropriate sentence, often at great length, but after the judge announces a decision, that judge, the lawyers, and the staff move on to the next case; the hearing and outcome soon fade into distant memory. Meanwhile, for the defendant, the torture of a monotonous existence begins, while life for his family moves forward without him. For him, every day, month, and year that was added to the ultimate sentence will matter. The difference between ten and fifteen years may determine whether a parent sees his young child graduate from high school; the difference between ten and fifteen months may determine whether a son sees his sick parent before that parent passes away; the difference between probation and fifteen days may determine whether the defendant is able to maintain his employment and support his family. Thus, it is crucial that judges give careful consideration to every minute that is added to a defendant's sentence. Liberty is the norm; every moment of incarceration should be justified.

3

## A.

## The Nature and Circumstances of the Offense

The nature and circumstances of the offense conduct in the instant case warrant a sentence of 1 day imprisonment followed by a term of supervised release with 12-24 months of home detention. Section 3553 (a) directs the court to consider the nature and circumstances of the offense in determining an appropriate sentence. At the outset, Defendant acknowledges the illegality of his actions but believes there are facts in his case which mitigate the severity of the offense conduct.

As indicated in the Presentence Report, the instant federal offense stemmed from Defendant's unlawful receipt and subsequent use of SSA benefits for his mother ($104,388.00) and his former significant other ($29,412.00) after both individuals had died. Defendant received the SSA funds through direct deposit to both individual's accounts. The offense conduct took place from December 2011 until December 2018. Defendant, who was an unemployed drug addict, used these funds to support himself and make repairs to his mother's house in which he was residing. Defendant's offense did not involve elaborate planning or scheming. He simply did not inform the SSA of his mother's or partner's deaths and continued utilizing the funds which were directly deposited into the accounts he had access to. Nothing regarding the offense suggests that Defendant poses a danger to the community. In addition, Defendant has accepted responsibility for his conduct through his plea negotiations and guilty plea. Defendant engaged in plea

4

negotiations early on. He ultimately agreed to waive indictment and plead guilty pursuant to the aforementioned Rule 11 Plea Agreement with the Government. Defendant's guilty plea saved the Government the expense and resources associated with a federal criminal trial in his case. His statements at the time of his plea demonstrated his remorse and acceptance of responsibility for his actions.

### B.

### History and Characteristics of the Defendant

Consideration of Defendant's history and characteristics warrants a federal sentence of 1 day imprisonment followed by supervised release with a condition of 12-24 months of home detention. Section 3553(a) directs the court to consider the history and characteristics of the defendant in determining an appropriate sentence.

At this point, Defendant is 70 years old, a recovering heroin addict in poor physical health, who served his country during Vietnam, and has established a supportive residence in a VA home at Saint Mary's in Detroit, Michigan.

### *Age & Physical Condition*

Defendant's age, infirm physical condition, and present employment warrant a federal sentence of home detention rather than imprisonment. The Guidelines recognize that in certain cases, pursuant to USSG 5H1.1, "age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than

incarceration." This is particularly true in this case where although Defendant is only 70 years old, his prior heroin addiction and neglect of medical treatment have left Defendant dealing with substantial present medical issues requiring frequent monitoring and treatment. At present, Mr. Dean lives a meager but satisfying existence. He resides at the VA Emmanuel House. He has a room to himself but shares a common area with other residents. He relies on the VA for his benefits, room, access to medical care and treatment, and job training.

Defendant's ongoing medical needs warrant a departure to home detention. As indicated in the Presentence Report, Defendant has been diagnosed and receives treatment for the following conditions: colon cancer, sleep apnea, COPD, congestive heart failure, a double hernia, and diabetes-type 1. He receives regular screenings and treatment through the VA as a veteran. A sentence of home detention would permit him to continue his present treatment with familiar physicians without any expense to the Bureau of Prisons.

Defendant's present employment also warrants a departure to home detention. Under USSG 5H1.5, the Court may consider Defendant's present employment in determining the conditions of probation or supervised release, such as the appropriate hours of home detention. As indicated in the Presentence Report, Defendant is working at the Urban League of Detroit answering calls and connecting citizens to requested services. Counsel submits that allowing Defendant to maintain his residence and present employment while serving his federal sentence makes judicial and economic sense.

*Prior Criminal History & Possible Overrepresentation*

Defendant acknowledges having a number of prior criminal convictions dating back to 1986. The majority of these offenses involve theft, drug use, drug possession, receiving stolen property, and driving offenses. These offenses do not portray Defendant as a dangerous person and are in line with the types of offenses common to drug users who possess and sell drugs or steal items to support their drug habit.

In addition, the Sentencing Guidelines authorize the Court to depart from a Guideline range if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. See USSG 4A1.3(b)(1). Federal courts have regularly granted downward departures in such circumstances. See *United States v. Williams,* 452 F.3d 621 (6th Cir. 2005),(downward departure from Guideline range of 46-57 months to sentence of 24 months for felon in possession); *United States v. Maksimenko*, 2007 wl 1834708 (E.D. Mich), (downward departure from Category II to Category I because it substantially overstated the seriousness of Defendant's prior convictions). Defendant submits that Criminal History Category V overstates the seriousness of his prior convictions which are over 24 years old and intertwined with hs drug use and addiction. Defendant particularly believes the additional 2 points assessed for being on probation for the 2011 reckless driving conviction overstate his prior criminal record, and it would be appropriate to treat him as Criminal History Category IV with a resulting sentence range of 21-27 months.

*Difficult Childhood*

In addition, as indicated in the Presentence Report, Defendant suffered a difficult childhood and upbringing. Federal courts have determined that a defendant's difficult childhood or unfortunate upbringing may warrant a sentence below the applicable Guideline range. See United States v. Carter, 815 Fed.Appx. 933 (6th Cir. 2020) (defendant's unfortunate upbringing supported sentence of 30 months imprisonment which was below guidelines range of 46-57 months); United States v. Simpson, 443 Fed.Appx. 928 (6th Cir. 2011) (circumstances of defendant's childhood warranted a downward departure to sentence of 84 months which was below the guidelines range of 92-115 months); United States v. Gedvick, 239 Fed. Appx. 177 (6th Cir. 2007) (defendant's difficult childhood including physical and mental abuse by father warranted sentence of 90 months imprisonment which was below the guidelines range of 168-210 months).

As indicated in the Presentence Report, Defendant suffered a very difficult upbringing during his formative years. Defendant's father was a severe alcoholic and heroin addict who was physically abusive. Defendant's father consistently beat both Defendant and his mother. This was a regular occurrence and although police were frequently at the home they never arrested Defendant's father. Defendant endured this treatment until he was 14 years old and began to defend himself against his father. He began sleeping with a knife under his pillow to

protect himself.   As part of the presentence investigation, the Probation Department administered the Adverse Childhood Experiences (ACE) test.   As indicated in the Presentence Report, Defendant scored 5 out of 10.   This score confirms that Defendant suffered traumatic childhood events involving abuse, neglect, and household dysfunction.

### *Substance Abuse History & Military Service*

Furthermore, Defendant has a nearly lifelong history of substance abuse that began while he was in Vietnam and likely contributed to his offense conduct in this case. Under the Guidelines, although drug dependence ordinarily is not a reason for a downward departure, "military service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guideline."   See USSG 5H1.11.   Defendant submits that his military service in Vietnam, and the war time conditions he experienced, introduced him to heroin and contributed to his 46 year cycle of heroin addiction.

As indicated in the Presentence Report, at 19 years old, Defendant became addicted to heroin upon his first use as a Navy serviceman in Vietnam on February 4, 1972.   Defendant continued using heroin and other drugs on a daily basis for the next 46 years.   Defendant's heroin use cost him his wife, who divorced him, any consistent employment, and his good health.   In 2018, after an overdose on his front porch, Defendant was robbed by his "friends" and woke up in a hospital only to be informed that

he had a number of severe medical issues requiring immediate and substantial medical attention.  On a positive note, Defendant stopped using heroin and had maintained his sobriety since then.  Defendant will participate in any court ordered drug treatment but realizes, at this point, that he will more likely succeed without drugs than with drugs.

C.

**NEED TO PROVIDE PUNISHMENT, PROTECT THE PUBLIC,
AND TO PROVIDE OTHER CORRECTIVE TREATMENT**

A sentence of 1 day imprisonment, followed by supervised release with a condition of home detention for a term of 12-24 months, is adequate to reflect the seriousness of the offense, to punish Defendant for the offense conduct, and to promote deterrence and achieve rehabilitation.  Under 18 U.S.C. 3553(a), the Court shall consider a number of traditional sentencing goals in determining an appropriate sentence.  Those goals include consideration of (1) the seriousness of the offense, (2) promoting respect for the law, (3) providing just punishment, (4) affording adequate deterrence, (5) protecting the public from further crimes of the defendant, and (6) providing the defendant with needed correctional treatment.  See, 18 U.S.C. 3553(a)(2)(A)-(D).

At the outset, Defendant need not be incarcerated to protect the public.  Nothing in his recent background or history suggests that Defendant is dangerous or violent individual.  Furthermore, Defendant accepts responsibility for his offense conduct and realizes the changes he must make in his life and environment to avoid future contacts with the criminal justice system and he is prepared to do this.  Finally, Defendant has been on bond without incident since July 2021.  While on bond he has maintained contact with

Pretrial Services, appeared for his court dates, cooperated with the Probation Department during its investigation, and avoided any contacts with the criminal justice system.

The Court can achieve the traditional goals of sentencing, as stated in 3553(a), and provide Defendant with correctional treatment by imposing conditions of supervised release to which include community confinement (Home Detention), address his physical health issues, address his substance abuse issues, and require additional education and/ or consistent employment.

### III.

### CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests this Honorable Court to (1) accept the Rule 11 Plea Agreement, and (2) impose a below Guidelines sentence of 1 day imprisonment, followed by an appropriate term of supervised release, with a condition of home detention for 12-24 months.

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**

/s/ David C. Tholen
Attorney for Defendant
613 Abbott, Ste. 500
Detroit, Michigan 48226
Phone: (313) 967-5542
E-mail: david_tholen@fd.org

Date: February 27, 2023                    P43836

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CR. NO. 22-20338
                                   HON. STEPHEN J. MURPHY, III

DONALD DEAN,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on February 27, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                          Corinne M. Lambert
                          SAUSA
                          211 W. Fort, Suite 2001
                          Detroit, Michigan    48226

And                  Charmarie Green
                          U.S. Probation Officer
                          231 W. Lafayette, Room 901
                          Detroit, Michigan 48226

                          /s/ David C. Tholen
                          Federal Defender Office